Lonas *v.* Wolfe.

JOHN L. LONAS AND WIFE *v.* JOHN J. WOLFE.

BILLS AND NOTES. *Principal and surety. Consideration.* The consideration passing from the creditor to the principal debtor is sufficient to bind the surety, even though his undertaking be subsequent to that of the principal, such action on the part of the surety being in pursuance of the principal's agreement.

FROM JEFFERSON.

Appeal from the Circuit Court.    J. H. RANDOLPH, Judge.

BARTON, MCFARLAND and EVANS for Lonas.

KING for Wolfe.

DEADERICK, J., delivered the opinion of the Court.

At the April term, 1872, Wolfe obtained a judg-

ment against Lonas and wife in the Circuit Court of Jefferson county, · from which they have appealed to this court.

The judgment was obtained upon a note of Wm. M. Branner and his mother, D. C. Branner, who has since intermarried with plaintiff in error, John L. Lonas, the note being for $1,550, dated October 19, 1869, and due one day after date. Wm. M. Branner made no defense, and a judgment by default was taken against him at the return term of the writ. Mrs. Branner pleaded payment, and at a subsequent term of the court, by leave, the further pleas of want of consideration and usury.

The defendant, in her plea, avers that the note was executed by W. M. Branner on the 19th of October, 1869, and was then delivered to and accepted by plaintiff, and that she afterward, to-wit, on the 10th of April, 1870, without any new or different consideration, either to Wm. M. Branner or herself, signed said note, etc.

Then follows a plea of usury. On the plea of payment issue was taken. The plaintiff confessed usurious interest was taken on the notes. The note in controversy was taken to renew, and by leave of the court put in two replications to the plea of want of consideration—one, that it was expressly agreed when said . note was executed by said W. M. Branner, that said D. C. or B. M. Branner should sign the same as surety; and the other, that the agreement was made that said D. C. or B. M. Branner should sign as surety, and plaintiff would give time, etc. The de-

fendant demurred to these replications, which demurrer was overruled and issue taken. The replications contain brief statements in plain, intelligible language, of the facts relied on as answers to the pleas as required by Code, sec. 2931.

· The issue they make is, that the note was not accepted as an extinguishment of the other notes held by plaintiff, and were not to be so accepted until signed by D. C. or B. M. Branner as surety, and that this was the agreement and understanding at the time of its execution. And these facts are satisfactorily established by the evidence, as is also the fact that B. M. Branner refused to sign the note, and Mrs. Branner did sign it (but sometime after it was signed by W. M. Braner) with the purpose of binding herself as surety thereon. The consideration moving from the creditor to the principal debtor, is sufficient consideration to bind the surety, even where the surety's undertaking is subsequent to that of the principal, and is done in pursuance of the principal's agreement.

It is claimed that the court erred in his charge as given, since failing to instruct the jury upon the subject of usury. The record recites that the court charged, amongst other things not excepted to, that the jury should inquire whether at the time it was the understanding between W. M. Branner and plaintiff that security was to be given, or was it an absolute agreement to take the note, or was it only a conditional acceptance? If conditionally received, and Mrs. B. signed it afterward and acknowledged her lia-

bility, she would be bound; if she signed with full knowledge of her liability, she would be bound, etc.

The court also told the jury that as a general rule a party is not bound by a new note without a new consideration. This charge, although it might have been more full, in view of the facts disclosed in the evidence, and upon which the case mainly turned, is not erroneous, especially as it appears that the court had charged further, and that his charge, or such of it as is omitted from the record, was not excepted to. We presume, therefore, that it was in all respects correct, so we think he charged correctly upon the question of usury. But even if no charge was given upon this question, we can see from the evidence and the verdict that the jury must have reduced the amount of the note by deducting therefrom the usury admitted to have been received. There was, therefore, no injury to defendant, even if there was no charge on this point.

Upon the whole we think the verdict does substantial justice to the parties, and we affirm the judgment.